1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9   Robert C. Echols,                      No. CV-15-02025-PHX-ROS (ESW)

10                 Petitioner,             **REPORT AND**
                                           **RECOMMENDATION**
11   v.

12   Charles Ryan, et al.,

13                 Respondents.

14

15

16   **TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES SENIOR**
17   **DISTRICT JUDGE:**

18          Pending before the Court is Robert C. Echols' ("Petitioner") Petition under 28

19   U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1).  Respondents have

20   filed a Limited Answer (Doc. 21), and Petitioner has filed a Reply (Doc. 28).  The matter

21   is deemed ripe for consideration.

22          Petitioner raises seventeen grounds for habeas relief in the Petition.    The

23   undersigned finds that this habeas proceeding is time-barred under the one-year statute of

24   limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996, 110

25   Stat. 1214.[1]  It is therefore recommended that the Petition be denied and dismissed with

26   prejudice.  It is further recommended that Petitioner's "Motion to Toll the One Year

27   _____

28          [1] The one-year statute of limitations for a state prisoner to file a federal habeas
     petition is codified at 28 U.S.C. § 2244(d).

1    Time Period for the Entire Time that his State Habeas Corpus is Pending in the Arizona
2    Courts" (Doc. 14) be denied.

### I.  BACKGROUND

#### A.  Convictions and Sentences

In 2008, a jury sitting in the Superior Court of Arizona for Pinal County found Petitioner guilty on (i) two counts of Drive By Shooting at a Residence, class two dangerous felonies; (ii) five counts of Aggravated Assault with a Deadly Weapon or Dangerous Instrument, class three dangerous felonies; and (iii) five counts of Aggravated Assault with a Deadly Weapon or Dangerous Instrument, class two dangerous crimes against children.  (Bates Nos. 14, 26).[2]  On August 14, 2008, the trial court sentenced Petitioner to a total of sixty-eight years in prison.  (Bates No. 26).  Plaintiff appealed the sentences for four of the aggravated assault counts to the Arizona Court of Appeals. (Bates Nos. 11-34).

In its July 8, 2009 decision, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences.  (Bates Nos. 2-9).  Petitioner did not petition the Arizona Supreme Court for further review.  On September 30, 2009, the Arizona Court of Appeals issued its mandate.  (Bates No. 64).

#### B.  Post-Conviction Relief

On March 17, 2010, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (Bates Nos. 68-70).  The trial court appointed Petitioner counsel, who could not find a colorable claim for relief.  (Bates Nos. 72-81).  Petitioner filed a pro se PCR Petition on December 16, 2010.  (Bates Nos. 83-106).  On June 27, 2011, the trial court denied the PCR Petition.  (Bates Nos. 118-21, 123-24).

On February 1, 2012, Petitioner filed a Petition for Review in the Arizona Court of Appeals seeking review of the trial court's denial of the PCR Petition.  (Bates Nos. 126-41).  On April 3, 2012, the Arizona Court of Appeals granted review, but denied relief.

---

[2] Citations to the state court record submitted with Respondents' Limited Answer (Doc. 21) refer to the Bates-stamp numbers affixed to the lower right corner of each page of the record.

1    (Bates Nos. 143-48).  On July 30, 2012, the Arizona Court of Appeals issued its mandate,

2    which stated that Petitioner did not file a motion for reconsideration or petition for review

3    and that the time to do so had expired.  (Bates No. 150).

4         On June 5, 2014, Petitioner filed a Petition for Review in the Arizona Supreme

5    Court seeking review of the Arizona Court of Appeals' April 2012 decision.  (Bates Nos.

6    153-61).  On October 20, 2014, the Arizona Supreme Court denied review.  (Bates No.

7    163).

8         On October 8, 2015, Petitioner initiated this federal habeas proceeding.  The Court

9    ordered Respondents to answer the Petition.  (Doc. 7).  On February 4, 2016, Petitioner

10   filed a "Motion to Toll the One Year Time Period for the Entire Time that his State

11   Habeas Corpus is Pending in the Arizona Courts" (Doc. 14).  The Court ordered

12   Respondents to respond to the Motion.  (Doc. 15).  Respondents' Limited Answer (Doc.

13   21) contains their response to Petitioner's "Motion to Toll . . ."  Petitioner has filed a

14   Reply (Doc. 28).

15                          **II.  LEGAL STANDARDS**

16        Under AEDPA, a state prisoner must file his or her federal habeas petition within

17   **one year** of the latest of:

18           1. The date on which the judgment became final by the
             conclusion of direct review or the expiration of the time for
19           seeking such review;

20            2. The date on which the impediment to filing an application
             created by State action in violation of the Constitution or laws
21           of the United States is removed, if the petitioner was
             prevented from filing by the State action;
22

23           3. The date on which the right asserted was initially
             recognized by the United States Supreme Court, if that right
24           was newly recognized by the Court and made retroactively
             applicable to cases on collateral review; or
25

26
             4. The date on which the factual predicate of the claim
27           presented could have been discovered through the exercise of
             due diligence.
28

1  28 U.S.C. § 2244(d)(1); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir.

2  2007).   The one-year limitations period, however, does not necessarily run for 365

3  consecutive days as it is subject to tolling.   Statutory tolling is available under AEDPA,

4  which provides that the limitations period is tolled during the "time during which a

5  properly filed application for State post-conviction relief or other collateral review with

6  respect to the pertinent judgment or claim is pending."   28 U.S.C. § 2244(d)(2) (emphasis

7  added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled

8  while the state prisoner is exhausting his or her claims in state court and state post-

9  conviction remedies are pending) (citation omitted).

10         AEDPA's statute of limitations is also subject to equitable tolling.   *Holland v.*

11  *Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have

12  considered the question, we hold that § 2244(d) is subject to equitable tolling in

13  appropriate cases.").   Yet equitable tolling is applicable only "if extraordinary

14  circumstances beyond a prisoner's control make it impossible to file a petition on time."

15  *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th

16  Cir. 2014).   A petitioner must show (i) that he or she has been pursuing his rights

17  diligently and (ii) some extraordinary circumstances stood in his or her way.   *Pace v.*

18  *DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d

19  1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

## III.  ANALYSIS

21         In this case, the relevant triggering event for purposes of AEDPA's statute of

22  limitations is the date on which Petitioner's judgment became "final by the conclusion of

23  direct review or the expiration of the time for seeking such review."   28 U.S.C. §

24  2244(d)(1)(A).

25         The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on

26  July 8, 2009.  (Bates Nos. 2-9).  Petitioner had thirty days from July 8, 2009 (until August

27  7, 2009) to petition the Arizona Supreme Court for review of the decision.  Ariz. R. Crim.

28  P. 31.19(a).  Petitioner did not seek such review.  Accordingly, Petitioner's convictions

1   and sentences became final on August 7, 2009, [3] and the one-year statute of limitations

2   began running on August 8, 2009.  *Summers*, 481 F.3d at 717; *see Gonzalez v. Thaler*,

3   132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the

4   expiration of the time for seeking review of petitioner's judgment in a state's highest

5   court); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the

6   "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate

7   the expiration date of AEDPA's one-year statute of limitations).  Consequently, unless

8   statutory or equitable tolling applies, Petitioner's one-year deadline to file a habeas

9   petition expired on August 9, 2010,[4] rendering the Petition filed on October 8, 2015

10  untimely.

## 1. Statutory Tolling

12          Statutory tolling does not apply to collateral review petitions that are not "properly

13  filed."  *Pace v. DiGuiglielmo*, 544 U.S. 408 (2005); 28 U.S.C. § 2244(d)(2).  A collateral

14  review petition is "properly filed" when its delivery and acceptance are in compliance

15  with state rules governing filings.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v.

16  McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing

17  requirements in determining whether habeas petitioner's PCR petition was a "properly

18  filed" application that is eligible for tolling).  This includes compliance with filing

19  deadlines.  Hence, an untimely state collateral review petition is not "properly filed."

20  *Pace*, 544 U.S. at 417 (holding that "time limits, *no matter their form*, are 'filing'

21  conditions," and that a state PCR petition is therefore not "properly filed" if it was

22  rejected by the state court as untimely).

23          If the collateral review petition was "properly filed," then the Court must

24  determine the dates it was "pending."  In Arizona, a PCR petition becomes "pending" as

---

25
26       [3] The Arizona Court of Appeals' delay in issuing its mandate (Bates No. 64) did
     not delay the finality of the convictions.  *See Hemmerle v. Schriro*, 495 F.3d 1069 (2007).

27       [4] August 7, 2010 was a Saturday.  Pursuant to Rule 12 of the Rules Governing
28   Section 2254 Cases and Fed. R. Civ. P. 6(a)(1)(C), the deadline to file a federal habeas
     petition is extended to Monday, August 9, 2010 as that is the next day that is not a
     Saturday, Sunday, or legal holiday.

soon as the notice of PCR is filed. *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona postconviction rules demonstrate that the proceedings begin with the filing of the Notice."). It remains "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This includes "[t]he time between (1) a lower state court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans*, 546 U.S. at 191.

Here, the one-year statute of limitations began running on August 8, 2009. The limitations "clock" continued to run uninterrupted until March 17, 2010—the date Petitioner filed his PCR Notice. (Bates Nos. 68-70); *see Isley*, 383 F.3d at 1055-56 (stating that in Arizona, a state post-conviction proceeding is commenced when the petitioner files the notice in accordance with Ariz. R. Crim. P. 32.4(a)); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first collateral challenge is filed because there is no case 'pending' during that interval."). The length of time between August 8, 2009 and March 17, 2010 is 221 days. After subtracting 221 days from the one-year (365 day) limitations period, 144 days remained on the limitations "clock" in which to file a federal habeas petition.

On September 29, 2011, the trial court denied the PCR Petition. (Bates Nos. 118-21, 123-24). The trial court extended the deadline for filing a Petition for Review in the Arizona Court of Appeals to February 10, 2012. (Attachment 1). On February 1, 2012, Petitioner filed the Petition for Review. (Bates Nos. 126-41). On April 3, 2012, the Arizona Court of Appeals granted review, but denied relief. (Bates Nos. 143-48). The deadline for petitioning the Arizona Supreme Court for review of the Arizona Court of Appeals' decision was May 3, 2012. Ariz. R. Crim. P. 31.19(a). Even though Petitioner did not file a Petition for Review by the May 3, 2012 deadline, Respondents state that statutory tolling applies to the thirty-day period in which Petitioner could have sought

1   further review.  Because it does not affect the outcome, the undersigned will use May 4,

2   2012 as the date AEDPA's limitations period recommenced.[5]   As there were 144 days

3   remaining on the limitations "clock," Petitioner had until September 24, 2012 to file his

4   federal habeas petition.

5          Once the statute of limitations has run, subsequent collateral review petitions do

6   not "restart" the clock.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v.*

7   *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).   On June 5, 2014, Petitioner filed a

8   Petition for Review in the Arizona Supreme Court seeking review of the Arizona Court

9   of Appeals' April 2012 decision.  (Bates Nos. 153-61).  Because the limitations period

10  had expired in September 2012, the Petition for Review had no statutory tolling effect.

11  (Bates No. 163).

12          **2.  Equitable Tolling Does Not Apply**

13          The standard for equitable tolling of the one-year habeas limitations period is a

14  very high bar, and is reserved for rare cases.  *Yow Ming Yeh v. Martel*, 751 F.3d 1075

15  (9th Cir. 2014); *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) ("Indeed, 'the

16  threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

17

18          [5] A number of circuits have held that statutory tolling applies during the period of
time in which a habeas petitioner could have sought further review of a state court's
denial of post-conviction relief.  Postconviction Remedies § 25:23 n. 5 (June 2015).

19  However, these holdings are arguably inconsistent with *Carey v. Saffold*, 536 U.S. 214
(2002), *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and *Evans v. Chavis*, 546 U.S. 189

20  (2006).   Those "decisions indicate that if a state petition is untimely, none of the time
before (as well as during) the state court's consideration of the post-conviction review

21  petition is statutorily tolled."  Postconviction Remedies § 25:23 n. 5 (June 2015).
          It is not clear under Ninth Circuit case law whether statutory tolling applies to the

22  period of time in which a defendant may seek further review of a PCR petition if the
review is not actually sought.  *See Gold v. Hennessy*, CR 04-1252-PHX-JAT, at *4 (D.

23  Ariz. 2006) ("[A]n appeal that is never filed cannot be considered timely; Petitioner
cannot reap the benefit of AEDPA's tolling mechanism without actually filing her

24  petition for review of the PCR denial."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir.
2005), as amended 439 F.3d 993 (9th Cir. 2003) ("Under Pace, if a state court denies a

25  petition as untimely, none of the time before or during the court's consideration of that
petition is statutorily tolled."); *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004)

26  (rejecting a habeas petitioner's argument that statutory tolling applied during the period
in time in which he could have filed a petition for certiorari review in the U.S. Supreme

27  Court regarding state court's denial of post-conviction relief; stating that "[b]ecause
[petitioner] never filed a petition for certiorari review in the Supreme Court, his potential

28  certiorari petition was never 'properly filed.'") (quoting *Gutierrez v. Schomig*, 233 F.3d
490, 492 (7th Cir. 2000).

1    exceptions swallow the rule.'") (quoting *United States v. Marcello*, 212 F.3d 1005, 1010

2    (7th Cir. 2000).  It is a petitioner's burden to establish that equitable tolling is warranted.

3    *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our

4    precedent permits equitable tolling of the one-year statute of limitations on habeas

5    petitions, but the petitioner bears the burden of showing that equitable tolling is

6    appropriate.").

7         As previously discussed, a petitioner seeking equitable tolling must establish that:

8    (i) he or she has been pursuing his or her rights diligently and (ii) that some extraordinary

9    circumstances stood in his or her way.  A petitioner must also show that the

10   "extraordinary circumstances" were the "but-for and proximate cause of his [or her]

11   untimeliness."  *Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (per curiam); *see also*

12   *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009).

13        In his Reply (Doc. 28 at 3-6), Petitioner asserts that AEDPA's limitations period

14   was statutorily tolled through October 20, 2014—the date the Arizona Supreme Court

15   denied his Petition for Review.  The preceding section explains why Petitioner's assertion

16   is incorrect.  A petitioner's miscalculation of when the limitations period expired does not

17   constitute an "extraordinary circumstance" warranting equitable tolling.  *See Rasberry v.*

18   *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal

19   sophistication is not, by itself, an extraordinary circumstance warranting equitable

20   tolling."); *Johnson v. United States,* 544 U.S. 295, 311 (2005) ("[W]e have never

21   accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged

22   inattention when a statute's clear policy calls for promptness."); *see also Alexander v.*

23   *Schiro*, 213 F. App'x 972, 976 (9th Cir. 2009) ("Ultimately [the petitioner] made an

24   incorrect interpretation of the statute and miscalculated the limitations period.  This does

25   not amount to an 'extraordinary circumstance' warranting equitable tolling.").   As

26   Petitioner has not met his burden of showing that extraordinary circumstances made it

27   impossible for him to timely file his federal petition, equitable tolling is unavailable.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3. The Statute of Limitations Expired on September 24, 2012, Meaning Petitioner Untimely Filed the Federal Habeas Action

To summarize the preceding sections, AEDPA's statute of limitations commenced on August 8, 2009.  The limitations period was statutorily tolled while Petitioner's PCR Petition was pending in state court (from March 17, 2010 through May 4, 2012). Petitioner has not shown that he is entitled to equitable tolling.  Applying statutory tolling, Petitioner had until September 24, 2012 to seek federal habeas review. Accordingly, the Petition (Doc. 1) filed on October 8, 2015 is untimely.

### B. The Petition's Untimeliness is Not Excused by the Actual Innocence Gateway/Miscarriage of Justice Exception

In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "Schlup gateway" or the "miscarriage of justice exception."

Under *Schlup*, a petitioner seeking federal habeas review under the miscarriage of justice exception must establish his or her factual innocence of the crime and not mere legal insufficiency.  *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir.2011); *McQuiggin*, 133 S.Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence").  A petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327. Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir.

- 9 -

1   2000) (citing *Calderon v. Thomas,* 523 U.S. 538, 559 (1998)).

2          In his Reply (Doc. 28 at 9), Petitioner states that "the state habeas corpus that

3   Petitioner submitted in August of 2015 . . . reurged the 'sufficiency of evidence' issues,

4   as well as, an actual innocence claim."[6]   To the extent Petitioner argues that the

5   miscarriage of justice exception should be applied if the Court finds that the Petition is

6   time-barred, Petitioner does not proffer any new evidence to support actual innocence.

7   Petitioner's conclusory statement is insufficient to establish a *Schlup* gateway claim.  *See*

8   *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("we have denied access to the

9   *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or

10  speculative or was insufficient to overcome otherwise convincing proof of guilt").

11  Accordingly, the undersigned recommends that the Court find that Petitioner cannot pass

12  through the *Schlup* gateway to excuse the untimeliness of this proceeding.

13
14  **C. Petitioner's "Motion to Toll the One Year Time Period for the Entire Time that his State Habeas Corpus is Pending in the Arizona Courts" (Doc. 14)**

15        On February 4, 2016, Petitioner filed a Motion stating that:

16              In August 2015, Petitioner realized in his pro-se capacity he
17              could still file a state habeas corpus pursuant to Arizona
                Rules of Court.  At that time Petitioner did file a state habeas
18              corpus to exhaust all state remedies.  Petitioner, therefore,
19              asks this court to toll the one year time limitation under 28
                U.S.C. § 2244(d)(2).

20  (Doc. 14).  In his Reply (Doc. 28 at 9), Petitioner clarifies that he is requesting that the

21  Petition "be stayed, and the 1-year statute of limitations be tolled in consideration of the

22  Petitioners [sic] 'state habeas' being at issue presently."  In light of the undersigned's

23  conclusion that the Petition (Doc. 1) is time-barred, it is recommended that the Court

24  deny the Motion (Doc. 14) as moot.

25  _____

26        [6] The trial court's docket does not reflect that Petitioner filed any documents in the
    trial court in August 2015.  (Attachment 2).  The undersigned observes that Petitioner did
27  not indicate in the October 2015 Petition (Doc. 1 at 3-5) that he filed a "state habeas
    corpus" in August 2015.  Even if Petitioner did file a "state habeas corpus" in August
28  2015, the Petition would remain time-barred as AEDPA's limitations period expired in
    2012.  *See Jiminez*, 276 F.3d at 482; *Ferguson*, 321 F.3d at 823.

## IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss with prejudice the Petition (Doc. 1) on the basis that it is time-barred.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's "Motion to Toll the One Year Time Period for the Entire Time that his State Habeas Corpus is Pending in the Arizona Courts" (Doc. 14) be denied as moot.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Amended Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 10th day of June, 2016.

_____
Eileen S. Willett
United States Magistrate Judge

# ATTACHMENT 1

**Filed on 1/6/2012 2:39:35 PM**

# IN THE SUPERIOR COURT

## PINAL COUNTY, STATE OF ARIZONA

### Date: <u>01/06/2012</u>

Judge: **JDG PRO TEM ROBERT C BROWN.**

By Judicial Administrative Assistant: <u>Lucy Luedke</u>

| | |
|---|---|
| **THE STATE OF ARIZONA,** ) | <u>S1100CR200701774</u> |
| ) | |
| **Plaintiff,** ) | **NOTICE/ORDER** |
| ) | |
| **vs.** ) | |
| ) | |
| **ROBERT ECHOLS,** ) | |
| ) | |
| **Defendant(s).** ) | |

The ordered transcript having been filed;

IT IS ORDERED extending the time for the filing of a Petition for Review to February 10, 2012.

The Petitioner's current address is Robert Echols, ADC #233445, ASPC Lewis, Stiner Unit,  P.O. Box 3100, Buckeye, AZ 85326.

Mailed/distributed copy:  1/6/2012

**ROBERT ECHOLS, ADC #233445**
**ASPC LEWIS, STINER UNIT**
**PO BOX 3100**
**BUCKEYE AZ  85326**

**LYNN HAMILTON**

<u>**Office Distribution:**</u>
**COUNTY ATTORNEY/K PIERCE**
**VICTIMS ASSISTANCE**

Page **1** of **2**

**Filed on 1/6/2012 2:39:35 PM**

**JUDGE/ BROWN**

# ATTACHMENT 2

Text Size: A A A

**Case Search**          **Minute Entry Search**          **Case Notification**          **Help**

Home  /  Case Search




## Public Access to Court Information

### Case Search

 Printer Friendly Version

<< return to search results                                                    new case search >>



Case Information

| Case Number: | S-1100-CR-200701774 | search for case minutes | |
|---|---|---|---|
| Title: | ST OF AZ VS ECHOLS | Category: | Criminal |
| Court: | Pinal County Superior | Filing Date: | 10/25/2007 |
| Judge: | N/A | Disposition Date: | 8/14/2008 |

**PARKER EVAN BORNMANN**   ATTORNEY - Y *

**ROBERT C ECHOLS**   DEFENDANT - D 1                                        Date of Birth: 11/1987

| Citation | Count | Description | Disp. Date | Disposition |
|---|---|---|---|---|
| | 1 | DISCHARGE FIREARM AT A STRUCTURE | 8/14/2008 | * |
| | 8 | DISCHARGE FIREARM AT A STRUCTURE | 8/14/2008 | * |
| | 9 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| | 10 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 2 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 3 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 4 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 5 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 6 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 7 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 11 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 12 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 8/14/2008 | * |
| NONE | 13 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 7/1/2008 | * |
| NONE | 14 | AGGRAVATED ASLT-DEADLY WEAPON/DANG INST | 7/1/2008 | * |

**THOMAS M LARSON**   ATTORNEY - Y *

**KATHRYN PIERCE**   ATTORNEY - Y *

**STATE OF ARIZONA**   PLAINTIFF - P 1

Case Activity

| Date | Description | Party |
|---|---|---|
| 11/8/2013 | MOTION: Motion | D 1 |
| 11/8/2013 | ORDER: Releasing Exhibits | D 1 |
| 8/1/2012 | MANDATE: Other | D 1 |
| 6/19/2012 | Scheduling event generated for SCHEDULED CASE @ 6/19/2012 3: | D 1 |
| 6/19/2012 | Scheduling event generated for SCHEDULED CASE @ 6/19/2012 3: | Y * |
| 6/19/2012 | Scheduling event generated for SCHEDULED CASE @ 6/19/2012 3: | P 1 |

| Date | Description | Party |
|------|-------------|-------|
| 6/19/2012 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 6/19/2012 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 5/7/2012 | REQUEST: Request | D 1 |
| 2/13/2012 | RECORD: Forwarded to Court of Appeals | D 1 |
| 2/13/2012 | Receipt: Receipt for Appeal Forwarded | D 1 |
| 2/13/2012 | Receipt: Receipt for Appeal Forwarded | D 1 |
| 2/9/2012 | APPEALS: INCOMING DOCUMENTS - COURT OF APPEALS | D 1 |
| 2/7/2012 | NOTICE: Filing Petition | D 1 |
| 1/9/2012 | MISCELLANEOUS: Miscellaneous | D 1 |
| 1/6/2012 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 1/6/2012 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 1/6/2012 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 12/13/2011 | NOTICE: Change of Address | D 1 |
| 12/2/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 12/2/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 11/25/2011 | NOTICE: Notice | D 1 |
| 11/25/2011 | NOTICE: Filing Miscellaneous Document | D 1 |
| 11/15/2011 | ORDER: Court Order/Ruling | D 1 |
| 11/15/2011 | AFFIDAVIT: AFFIDAVIT | D 1 |
| 11/9/2011 | RESPONSE: TO MOTION | P 1 |
| 11/2/2011 | MOTION: Motion | D 1 |
| 10/26/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 10/26/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 10/17/2011 | MOTION: Extension of Time | D 1 |
| 9/23/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 9/23/2011 | ORDER: CONFINEMENT | D 1 |
| 9/23/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 9/22/2011 | ORDER: Court Order/Ruling | D 1 |
| 9/13/2011 | ORDER: Attendance | D 1 |
| 9/2/2011 | ORDER: TRANSPORT | D 1 |
| 8/31/2011 | MOTION: TRANSPORT | D 1 |
| 8/31/2011 | ORDER: TRANSPORT | D 1 |
| 8/31/2011 | MOTION: TRANSPORT | D 1 |
| 8/25/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 8/25/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 8/19/2011 | MOTION: Continue | P 1 |
| 7/27/2011 | CORRESPONDENCE: Returned Mail | D 1 |
| 7/22/2011 | MinuteEntry event for Minute Entry: Order - Resetting/Contin | P 1 |
| 7/22/2011 | ORDER: Attendance | D 1 |
| 7/22/2011 | MinuteEntry event for Minute Entry: Order - Resetting/Contin | D 1 |
| 7/8/2011 | CORRESPONDENCE: Returned Mail | D 1 |
| 7/8/2011 | CORRESPONDENCE: Returned Mail | D 1 |
| 6/29/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 6/29/2011 | ORDER: Attendance | D 1 |
| 6/29/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 6/22/2011 | ORDER: Court Order/Ruling | D 1 |
| 6/17/2011 | MISCELLANEOUS: Miscellaneous | D 1 |
| 6/16/2011 | MISCELLANEOUS: Miscellaneous | D 1 |
| 6/1/2011 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 5/6/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 5/6/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 4/25/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 4/25/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |

| | | | |
|---|---|---|---|
| 4/6/2011 | MISCELLANEOUS: Miscellaneous | D 1 |
| 3/24/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 3/24/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 3/23/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 3/23/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 3/16/2011 | MOTION: Modify | D 1 |
| 3/11/2011 | RESPONSE: TO MOTION | P 1 |
| 3/9/2011 | REPLY: Reply | D 1 |
| 3/3/2011 | MOTION: Extension of Time | D 1 |
| 2/25/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 2/25/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 2/10/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 2/10/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 2/7/2011 | RESPONSE: TO PETITION | P 1 |
| 1/5/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 1/5/2011 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 12/16/2010 | RULE 32: Petition for Post Conviction Relief | D 1 |
| 11/22/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 11/22/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 11/17/2010 | MOTION: Proceed Pro Se | D 1 |
| 11/2/2010 | MISCELLANEOUS: Miscellaneous | D 1 |
| 10/22/2010 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 10/13/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 10/13/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 10/13/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 10/13/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 10/7/2010 | MOTION: Motion | D 1 |
| 10/4/2010 | MOTION: Motion | D 1 |
| 9/29/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 9/29/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 9/28/2010 | MISCELLANEOUS: Miscellaneous | D 1 |
| 9/22/2010 | NOTICE: Notice | D 1 |
| 9/15/2010 | MISCELLANEOUS: Miscellaneous | P 1 |
| 9/15/2010 | NOTICE: Notice | D 1 |
| 9/8/2010 | CORRESPONDENCE: Correspondence | D 1 |
| 8/31/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 8/13/2010 | MOTION: WITHDRAW | D 1 |
| 7/23/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 7/23/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 7/12/2010 | MOTION: Extension of Time | D 1 |
| 5/4/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | P 1 |
| 5/4/2010 | MinuteEntry event for MINUTE ENTRY: MINUTE ENTRY (GENERIC) | D 1 |
| 4/21/2010 | MOTION: Reconsideration | D 1 |
| 4/16/2010 | MISCELLANEOUS: Return of Recorded Document | D 1 |
| 4/15/2010 | JUDGMENT: SATISFACTION OF JUDGMENT | D 1 |
| 3/31/2010 | ORDER: Court Order/Ruling | D 1 |
| 3/17/2010 | RULE 32: Post Conviction Relief Notice | D 1 |
| 3/15/2010 | Receivable 35227 Waived For $1000.00 | D 1 |
| 3/2/2010 | MISCELLANEOUS: Miscellaneous | D 1 |
| 10/2/2009 | MANDATE: AFFIRMED | D 1 |
| 10/2/2009 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 10/2/2009 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 10/2/2009 | TRANSCRIPTS: TRANSCRIPT | D 1 |

| | | |
|---|---|---|
| 10/2/2009 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 10/2/2009 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 8/20/2009 | MISCELLANEOUS: Miscellaneous | D 1 |
| 2/6/2009 | NTC: RULING ON MOTION ISSUES | D 1 |
| 1/5/2009 | RETURN OF RECORDATION OF | D 1 |
| 12/30/2008 | CRIMINAL RESTITUTION ORDER | D 1 |
| 12/24/2008 | REQ JURY INSTRUCTIONS | P 1 |
| 10/24/2008 | RECEIPT FOR APPEAL FORWARD | |
| 9/24/2008 | RECORD: Forwarded to Court of Appeals | D 1 |
| 9/24/2008 | LETTERS OR CORRESPONDENCE | D 1 |
| 9/24/2008 | Receipt: Receipt for Appeal Forwarded | D 1 |
| 9/22/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 9/19/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 9/5/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 9/5/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 8/26/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 8/26/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 8/26/2008 | MISCELLANEOUS: Miscellaneous | D 1 |
| 8/26/2008 | MISCELLANEOUS: Miscellaneous | D 1 |
| 8/26/2008 | RETURN OF MAIL | D 1 |
| 8/20/2008 | CLERK NOTICE FOR TRANSCRIPTS | D 1 |
| 8/20/2008 | CLERK STAT NTC APPL TO PRTYS | D 1 |
| 8/20/2008 | ME: ATTY WITHDRWL/APPOINTMENT | D 1 |
| 8/20/2008 | CLERK NOTICE FOR TRANSCRIPTS | D 1 |
| 8/19/2008 | MOTION TO WITHDRAW | D 1 |
| 8/18/2008 | NOTICE OF APPEAL | D 1 |
| 8/15/2008 | SENTENCING MEMORANDUM | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | NOTICE OF RIGHTS AFTER CONVICT | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | CAL: SENTENCING | |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | LETTERS OR CORRESPONDENCE | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | ATTY PROSECUTION COST RECOVERY | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | ME: (SEE DESCRIPTIVE) | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | DOC PYMT STOP/SENTENCE OF | D 1 |
| 8/14/2008 | DISPOSITION REPT | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | SENTENCE OF IMPRISONMENT | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/14/2008 | JAIL/PRISON-DISPO ONLY | D 1 |
| 8/4/2008 | ME: SET/CONT IMPOS OF SENTENCE | D 1 |
| 8/4/2008 | CAL: SENTENCING | |
| 7/29/2008 | PRESENTENCE REPORT | D 1 |
| 7/29/2008 | SEALED ENVELOPE | D 1 |
| 7/25/2008 | LETTERS OR CORRESPONDENCE | D 1 |

| | | |
|---|---|---|
| 7/25/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 7/21/2008 | NOTICE OF FILING | D 1 |
| 7/17/2008 | APPT VERIFICATION & CLAIM FORM | D 1 |
| 7/14/2008 | REPORTERS TRANSCRIPT FILED | D 1 |
| 7/14/2008 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 7/11/2008 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 7/11/2008 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 7/11/2008 | TRANSCRIPTS: TRANSCRIPT | D 1 |
| 7/11/2008 | REPORTERS TRANSCRIPT FILED | D 1 |
| 7/11/2008 | REPORTERS TRANSCRIPT FILED | D 1 |
| 7/11/2008 | REPORTERS TRANSCRIPT FILED | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | UNSIGNED VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | QUESTIONS FROM JURY | |
| 7/3/2008 | DETER RELEASE COND & ORDER/JP | |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | VERDICT: GUILTY | D 1 |
| 7/3/2008 | ME: JURY TRIAL | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/3/2008 | VERDICT | D 1 |
| 7/2/2008 | REQ JURY INSTRUCTIONS | P 1 |
| 7/2/2008 | INSTRUCTIONS READ TO JURORS | |
| 7/2/2008 | REPLY | D 1 |
| 7/2/2008 | ME: JURY TRIAL | D 1 |
| 7/1/2008 | ME: JURY TRIAL | D 1 |
| 7/1/2008 | MOTION TO AMEND INDICTMENT | P 1 |
| 7/1/2008 | STIP (STIPULATION) | P 1 |
| 7/1/2008 | ORDER AMENDING | |
| 7/1/2008 | ORDER | |
| 6/30/2008 | ME: JURY TRIAL | D 1 |
| 6/27/2008 | MOTION TO TRANSPORT & ORDER | P 1 |
| 6/27/2008 | STIP (STIPULATION) | P 1 |
| 6/27/2008 | ME: JURY TRIAL | D 1 |
| 6/26/2008 | ME: JURY TRIAL | D 1 |

| Date | Description | Party |
|------|-------------|-------|
| 6/25/2008 | ME: JURY TRIAL | D 1 |
| 6/25/2008 | LIST OF WITNESSES | |
| 6/24/2008 | CAL: JURY TRIAL | |
| 6/24/2008 | LIST OF EXHIBITS | P 1 |
| 6/24/2008 | LIST OF WITNESSES & EXHIBITS | P 1 |
| 6/24/2008 | MISCELLANEOUS: LIST OF WITNESSES / EXHIBITS | P 1 |
| 6/24/2008 | MISCELLANEOUS: LIST OF WITNESSES / EXHIBITS | P 1 |
| 6/24/2008 | ME: JURY TRIAL | D 1 |
| 6/24/2008 | RESPONSE TO MOTION | P 1 |
| 6/24/2008 | REQ VOIR DIRE QUESTIONS | P 1 |
| 6/24/2008 | LIST OF EXHIBITS | D 1 |
| 6/24/2008 | JURY LIST | |
| 6/24/2008 | JURY LIST | |
| 6/24/2008 | LIST OF WITNESSES & EXHIBITS | P 1 |
| 6/23/2008 | MOTION IN LIMINE | D 1 |
| 6/23/2008 | REQ VOIR DIRE QUESTIONS | D 1 |
| 6/23/2008 | SUPPLEMENTAL DISCLSRE BY STATE | P 1 |
| 6/23/2008 | REQ JURY INSTRUCTIONS | D 1 |
| 6/23/2008 | NOTICE OF DEFENSE/WITNESSES | D 1 |
| 6/18/2008 | ME: (SEE DESCRIPTIVE) | D 1 |
| 6/17/2008 | RESPONSE TO MOTION | P 1 |
| 6/10/2008 | ORDER | D 1 |
| 6/6/2008 | MOTION TO DISMISS | D 1 |
| 6/4/2008 | SEALED ENVELOPE | D 1 |
| 6/4/2008 | DISCLOSURE OF WITNESSES | P 1 |
| 6/4/2008 | NOTICE OF | P 1 |
| 6/3/2008 | MOTION TO CONTINUE TRIAL | D 1 |
| 6/3/2008 | SUPPLEMENTAL DISCLSRE BY STATE | P 1 |
| 6/3/2008 | MOTION FOR APPOINTMENT | D 1 |
| 6/3/2008 | SUPPLEMENTAL DISCLSRE BY STATE | P 1 |
| 6/2/2008 | ME: (SEE DESCRIPTIVE) | D 1 |
| 6/2/2008 | CAL: PRETRIAL CONFERENCE | |
| 5/19/2008 | ME: ORD CONTG PRETRIAL CONFRNC | D 1 |
| 5/19/2008 | CAL: STATUS REVIEW/PRETRIAL | |
| 4/14/2008 | CAL: PRETRIAL CONFERENCE | |
| 4/14/2008 | ME: PRETRIAL CONF/SET JURY | D 1 |
| 3/17/2008 | CAL: MOTION/PULL FOR JUDGE | |
| 3/17/2008 | CAL: PRETRIAL CONFERENCE | |
| 3/17/2008 | ME: ORD CONTG PRETRIAL CONFRNC | D 1 |
| 2/28/2008 | NTC: ORDER | |
| 2/25/2008 | ME: ORD CONTG PRETRIAL CONFRNC | D 1 |
| 2/6/2008 | SUPPLEMENTAL DISCLSRE BY STATE | P 1 |
| 2/6/2008 | NOTICE OF DISCLOSURE | P 1 |
| 2/1/2008 | MOTION IN LIMINE | P 1 |
| 1/30/2008 | SUPPLEMENTAL DISCLSRE BY STATE | P 1 |
| 1/24/2008 | ME: PRETRIAL CONFERENCE | D 1 |
| 1/24/2008 | CAL: TRIAL SETTING | |
| 1/9/2008 | SUPPLEMENTAL DISCLSRE BY STATE | P 1 |
| 1/7/2008 | ME: ORD CONTG PRETRIAL CONFRNC | D 1 |
| 1/7/2008 | CAL: PRETRIAL CONFERENCE | |
| 12/21/2007 | STOP PAYMENT ON A CHECK | D 1 |
| 12/21/2007 | ORDER: Reassignment of Judge | D 1 |
| 12/19/2007 | NTC: REFERRAL TO PRESID JUDGE | D 1 |

| | | |
|---|---|---|
| 12/3/2007 | GRAND JURY WARRANT RETURNED | P 1 |
| 11/28/2007 | 10.2 NOTICE CHANGE OF JUDGE | D 1 |
| 11/27/2007 | RECEIVED STAMPED DOCUMENT | D 1 |
| 11/19/2007 | ORDER: Reassignment of Judge | D 1 |
| 11/19/2007 | STOP PAYMENT ON A CHECK | D 1 |
| 11/15/2007 | TRANSCRIPT GRAND JURY PROCDNGS | D 1 |
| 11/13/2007 | CAL: PRETRIAL CONFERENCE | |
| 11/13/2007 | ME: REFER PRES JUDGE REASSIGN | D 1 |
| 10/26/2007 | ORDER QUASHING | D 1 |
| 10/26/2007 | ME: ARRAIGNMENT | D 1 |
| 10/26/2007 | NOTICE PROSECUTNG ATTY ASSGNMT | P 1 |
| 10/25/2007 | MULTIPLE DEFENDANT INDICATOR | D 1 |
| 10/25/2007 | ME: GRAND JURY INDICTMENT | D 1 |
| 10/25/2007 | INDICTMENT | D 1 |
| 10/25/2007 | **WARRANT ISSUED (FTA/GJ) | D 1 |
| 1/1/1950 | CONTRACT AUDITED | D 1 |

NOTES:

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View.** <u>How?</u>

**The following case types are excluded from search results:** sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data, Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this website is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please <u>Contact Us</u>.

**Case info is updated on this website weekly. Information is updated each Friday to reflect case information through the Wednesday of the same week.**

Privacy Policy      Website Accessibility Policy      Contact Us      © 2016 Arizona Supreme Court. All Rights Reserved.