# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert C. Echols, | No. CV-15-02025-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Robert C. Echols filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254, raising seventeen claims. (Doc. 1). Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R & R") to dismiss the petition as untimely. (Doc. 29), and Echols filed a timely objection. (Doc. 30). The Court will adopt the R & R, with comments.

## BACKGROUND

Echols was convicted on two counts of Drive By Shooting at a Residence, and ten counts of Aggravated Assault with a Deadly Weapon or Dangerous Instrument. (Doc. 25-1 at 4). He appealed the sentences for four of the aggravated assault counts, and on July 8, 2009, the Arizona Court of Appeals affirmed the convictions and sentences. (*Id*. at 9). Echols did not petition the Arizona Supreme Court for review, and the Court of Appeals issued its mandate on September 30, 2009. (Doc. 25-5). On March 17, 2010, Echols filed a Notice of Post-Conviction Relief ("PCR"). (Doc. 25-6). The trial court denied his petition (Doc. 26-5), and on April 3, 2012, the Arizona Court of Appeals granted review, but denied relief. (Doc. 26-7). The thirty-day period to petition the Arizona Supreme

Court expired May 3, 2012. Ariz. R. Crim. P. 31.19(a). On July 30, 2012, the Arizona Court of Appeals issued its mandate, holding Echols had filed neither a motion for reconsideration nor a petition for review, and the time for doing either had expired. (Doc. 26-8). Echols filed a petition for review on June 5, 2014 (Doc. 27-1), and the Arizona Supreme Court denied review without noting the petition's untimeliness. (Doc. 27-2).

Echols filed his habeas petition on October 8, 2015. (Doc. 1). He filed a state habeas petition six days later. (Doc. 30 at 8). On February 4, 2016, Echols filed a motion in this case to toll the one-year statute of limitations "for the entire time that his state habeas corpus is pending in the Arizona courts." (Doc. 14).

## DISCUSSION

Echols' petition is subject to a one-year statute of limitations provided for at 28 U.S.C. § 2244(d)(1). The statute began to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Echols does not dispute the R & R's finding that the start date was August 8, 2009. (Doc. 29 at 5; Doc. 30 at 2). Neither does he dispute the R & R's finding that the limitations clock ran for a total of 221 days before he filed his PCR notice on March 17, 2010. (Doc. 29 at 6; Doc. 30 at 2).

Echols disputes the R & R's statute of limitations analysis in only one respect: he claims the limitations clock remained tolled from March 17, 2010 until the Arizona Supreme Court denied his petition for review on October 20, 2014. (Doc. 30 at 2). The Court agrees with the R & R's finding that the clock began to run again on May 4, 2012, when the time for seeking Arizona Supreme Court review expired (Doc. 29 at 6-7). And assuming Echols' argument was correct, his habeas petition, filed October 8, 2015, was untimely.

A petitioner can overcome the one-year statute of limitations by a "convincing" showing of their innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1927 (2013) (discussing the so-called "*Schlup* gateway" and its application to statute of limitations issues). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Finally, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Echols' petition does not so much as allude to any new evidence, but simply rehashes the evidence at trial. (Doc. 1 at 6). In his state court petition, he argues the state failed to prove he actually fired a gun during the drive-by shootings, and failed to prove certain sentencing enhancements. (Doc. 30 at 8-37). These arguments, even if true, are not enough to prove factual innocence. Instead of again arguing about the evidence presented, Echols would need to point to new evidence negating his guilt. He has not done so. Thus, Echols cannot make use of the *Schlup/McQuiggin* gateway to avoid the one-year statute of limitations.

Another issue merits some discussion. Echols has moved the Court to toll the present proceedings while his state habeas petition is adjudicated, explaining the state petition is intended to exhaust his actual innocence claim. The Court construes this to mean Echols may be attempting to raise a freestanding actual innocence claim.[1] Although

---

[1] In *Jones*, the Ninth Circuit treated a freestanding claim that had not first been adjudicated in state court as unexhausted. 763 F.3d at 1243 n.1. The Ninth Circuit appears to have assumed the usual exhaustion requirements apply to such claims. A thorough analysis from the Eleventh Circuit reached the opposite conclusion:

> It is doubtful, however, that it is possible to procedurally default a freestanding actual innocence claim. The threshold for a freestanding actual innocence claim is higher than the showing of actual innocence required to invoke the fundamental miscarriage of justice exception to the procedural default doctrine. *See House,* 126 S. Ct. at 2087. As a result, if a petitioner in fact has a freestanding actual innocence claim, he would be entitled to have all his procedural defaults excused as a matter of course under the fundamental miscarriage of justice exception.

*Mize v. Hall*, 532 F.3d 1184, 1195 n.9 (11th Cir. 2008). The Court need not decide whether a freestanding claim is subject to exhaustion, since Echols' claim fails on the merits. *See* 28 U.S.C. § 225 ("An application for a writ of habeas corpus may be denied

- 3 -

the Supreme Court has not resolved whether such a claim is a cognizable basis for habeas relief, *McQuiggin*, 133 S. Ct. at 1931, the Ninth Circuit has acknowledged a freestanding innocence claim exists in capital cases, *Carriger v. Stewart*, 132 F.3d 463, 476-77 (9th Cir. 1997). However, it has declined to state whether it extends to the non-capital context. *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). Assuming Echols can assert a freestanding claim, the evidentiary burden would be "extraordinarily high," *Herrera v. Collins*, 506 U.S. 390, 417 (1993), requiring even "more convincing proof of innocence than *Schlup*." *House v. Bell*, 547 U.S. 518, 555 (2006). Since Echols' *Schlup* argument fails, his freestanding claim fails as well. This is true regardless of whether he is required to exhaust the claim. Therefore, his motion to toll the current proceedings is moot.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 29) is **ADOPTED**.

**IT IS FURTHER ORDERED** Petitioner's Motion to Toll (Doc. 14) is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's Application for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

Dated this 30th day of August, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge

---

on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").